## BUMP v. NELSON et al.

Finding on conflicting evidence will not be disturbed on appeal, where there is no clear preponderance against them.

(Opinion filed October 3, 1911.)

Appeal from Circuit Court, Moody County; Hon. ·J. W. Jones, Judge.

Action by Alice Bump against L. L. Nelson and others. From a judgment for plaintiff, defendants appeal. Affirmed.

*Coleman & Blewitt* and *Robertson & Dougherty,* for appellants. *Rice & Benson,* for respondent.

HANEY, J. This action involves a controversy concerning the line between the N. E. ¼ of section 10, and the S. E. ¼ of section 3, township 106, range 50, Moody ouunty. The plaintiff, who owns the N. E. ¼ of section 10, contends the line is in the center of the highway as now traveled, between two rows of large trees. The defendant Nelson, who owns the S. E. ¼ of section 3, contends the line at its east end is about eight rods, and at its west end is about three rods, south of the center of the highway as now traveled. The other defendants do not appear to have answered. The real issue is whether the northeast corner of section 10, being also the southeast corner of section 3, was located by the original government surveyor at a point which is in the center of the highway as now traveled. The learned circuit court found that the United States government surveyor, ·in· making the original survey, marked the said corner "with a mound and four pits, and placed a stake in said mound, and that the corner marked as aforesaid was located in the center of the traveled highway running east and west" between the said sections, ·and "that said line was then and is now the true boundary line between the two said described tracts of land." Judgment having been accordingly entered, and defendant Nelson's application for a new trial refused, this appeal was taken.

The only assignment of error argued by appellant is the alleged insufficiency of the evidence to justify the decision. The evidence is voluminous and conflicting. After consideration of the

entire record, this court is unable to conclude that there is a clear preponderance against the findings of the trial court. So its judgment must be affirmed.